# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-CA-00433-SCT

*MISSISSIPPI DEPARTMENT OF CORRECTIONS*

*v.*

*MARTIN GROOT*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/22/2016 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ANTHONY LOUIS SCHMIDT, JR. |
| | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DARRELL C. BAUGHN |
| ATTORNEY FOR APPELLEE: | MARTIN GROOT (PRO SE) |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND RENDERED - 02/02/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., KING AND BEAM, JJ.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     The Circuit Court of Sunflower County directed the Mississippi Department of Corrections (MDOC) to issue Martin Groot (pro se) a parole case plan pursuant to Mississippi Code Section 47-7-3.1(1) (Rev. 2015), which went into effect on July 1, 2014. The MDOC appeals, arguing that Groot is not entitled to a parole case plan because he was convicted prior to July 1, 2014.

## FACTS AND PROCEDURAL HISTORY

¶2.     Groot is an inmate in MDOC custody. On March 15, 1983, Groot was sentenced to life imprisonment, having been found guilty of murder. On August 9, 1983, Groot pled guilty

to prescription forgery and was sentenced to three years in MDOC custody. Groot's parole eligibility date was January 21, 1993. Groot and the MDOC disagree regarding how many times Groot's parole was granted and subsequently revoked.[1] However, it is unquestioned that Groot was released on parole in August 2010 and that parole was revoked in either July or August 2012. Groot's next parole hearing is scheduled for February 24, 2017.

¶3.     On October 22, 2015, Groot submitted a grievance through MDOC's Administrative Remedy Program (ARP), in which Groot requested a case plan pursuant to Section 47-7-3.1. On November 22, MDOC issued a first-step response, which informed Groot that he was not entitled to a case plan because House Bill 585 applied only to offenders who were sentenced on or after July 1, 2014. The response further informed Groot that offenders who were eligible for parole before July 1, 2014, "will continue to be considered for [p]arole [d]ocket and be reviewed by the Parole Board." Unsatisfied, Groot sought a second-step response. MDOC again found Groot was not entitled to a parole case plan because House Bill 585 only applied only to offenders who were sentenced on or after July 1, 2014.

¶4.     Groot sought judicial review, requesting the Circuit Court of Sunflower County "enjoin the [MDOC] to prepare and provide to [Groot] a case plan as stated in House Bill 585, pursuant to Miss. Code Ann. § 47-7-3.1." As the identical issue was pending on appeal in *Fisher v. Drankus*,[2] the MDOC moved to hold Groot's case in abeyance pending the resolution of *Drankus* on appeal. The trial court found Section 47-7-3.1(1)'s language "plain

---

[1]MDOC argues Groot was paroled three times. Groot argues he was paroled only once.

[2]*Fisher v. Drankus*, 204 So. 3d 1232 (Miss. 2016).

2

and unambiguous" and ordered "that if Martin Groot is eligible for parole, then he is entitled to receive a case plan pursuant to the statutory mandate." The MDOC's motion to hold in abeyance was denied. The MDOC appealed.

## ANALYSIS

¶5.    The sole issue on appeal is whether Groot, a parole-eligible inmate convicted prior to July 1, 2014, is entitled to a parole case plan under Section 47-7-3.1(1). The identical issue on substantially similar facts and from the same trial court was presented to us in ***Drankus***, and we answered in the negative. ***Drankus***, 204 So. 3d at 1234. Finding the MDOC's interpretation "reasonable and not inconsistent with the language of the statute and ascertainable legislative intent," we reversed the circuit court's order requiring that Drankus be issued a case plan and affirmed the MDOC's ARP decision that Drankus was not entitled to a case plan. ***Id.*** at 1235.

¶6.    Suffice it to say that, pursuant to ***Drankus***, the judgment of the Circuit Court of Sunflower County is reversed and judgment rendered here in like fashion.

¶7.    **REVERSED AND RENDERED.**

    **WALLER, C.J., KITCHENS, KING, COLEMAN, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR. DICKINSON, P.J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION.**